# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ONCO INVESTMENT COMPANY, et al.,<br><br>Debtors. | Chapter 11<br><br>Jointly Administered<br>Case No. 04-10558 (JBR)<br><br>Re: Docket No. 1421 |

## LIMITED OBJECTION OF WELLS FARGO BANK, NATIONAL ASSOCIATION TO DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION

Wells Fargo Bank, National Association ("Wells Fargo"), as the indenture trustee (the "Indenture Trustee") for the 10% Senior Subordinated Notes (the "Subordinated Notes"), due February 1, 2009, issued by Oglebay Norton Company ("Oglebay"),[1] one of the debtors and debtors in possession (collectively, with Oglebay, the "Debtors") in the above-captioned cases under chapter 11 if Title 11 of the United States Code (the "Bankruptcy Code"), hereby files this limited objection (the "Objection") to the Debtors' Second Amended Joint Plan of Reorganization (the "Second Amended Plan"). In support of its Objection, the Indenture Trustee respectfully represents as follows:

### Background

1. On February 23, 2004 (the "Commencement Date"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections

---

[1] Certain of the Debtors are also guarantors of the Subordinated Notes.

Exhibit E

1107 and 1108 of the Bankruptcy Code. The Debtors' cases are jointly administered for procedural purposes only. No trustee or examiner has been appointed in the Debtors' cases.

2. On March 5, 2004, the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). Wells Fargo is a member of the Committee. Wells Fargo is the Indenture Trustee under the indenture governing the Subordinated Notes (as amended from time to time, the "Indenture"), dated February 1, 1999, among Oglebay, the Guarantors named in the Indenture, and Norwest Bank Minnesota, National Association (predecessor by merger to Wells Fargo), as Indenture Trustee. True and correct copies of the relevant portions of the Indenture are attached hereto as Exhibit A.

3. Prior to the Commencement Date, the Debtors negotiated the basic financial terms of a plan reorganization with various parties in interest, including a group of holders of Subordinated Notes, some of whom now sit on the Committee. Discussions continued with the Committee and others after the Commencement Date. As a result, on April 27, 2004, the Debtors filed their first plan of reorganization. On May 21, 2004, the Debtors filed a disclosure statement related thereto. On June 24, 2004, certain holders (the "Plaintiffs") of the Debtors' Senior Secured Notes due October 25, 2008 (the "Senior Notes"), issued pursuant to the Senior Secured Note Purchase Agreement dated October 25, 2002 (the "Senior Notes Purchase Agreement"), commenced an adversary proceeding (the "Proceeding")[2] against Wells Fargo, in its capacity as Indenture Trustee, and Oglebay.

---

[2] MW Post Portfolio Fund Ltd. v. Norwest Bank MN, Nat'l Assoc. (In re Onco Investment Co.), Adv. Pro. No. 04-54122 (Bankr. D. Del. 2004).

Exhibit E

4.   Subsequently, on July 30, 2004, the Debtors filed their Second Amended Plan and the disclosure statement related thereto. As a result of the Debtors' treatment of the Senior Noteholders' claims under the terms of the Second Amended Plan, on August 9, 2004, the Plaintiffs filed an amended complaint (the "Amended Complaint") in the Proceeding, naming each of Oglebay, Wells Fargo, and The Depository Trust Company ("DTC") as defendants. That same day, the Plaintiffs moved for summary judgment against Oglebay and Wells Fargo.

5.   In the Proceeding, the Plaintiffs seek, as to Wells Fargo: (i) declaratory judgment that Oglebay may not make any distribution to holders of Subordinated Notes or to Wells Fargo, on behalf of such holders, until the holders of Senior Notes have been paid in full in cash all amounts allegedly due and owing to them on account of the Senior Notes; (ii) an order from the Court directing that Wells Fargo turn over any property received from the Plaintiffs for the benefit of holders of the Subordinated Notes, pursuant to a plan of reorganization; and/or (iii) money damages against Wells Fargo. The Proceeding is currently pending before this Court.

6.   The Second Amended Plan differs from the Debtors' original plan by providing for the reinstatement of the Senior Notes pursuant to section 1124(2) of the Bankruptcy Code. Thus, as described in greater detail in the Second Amended Plan, the Debtors seek to pay the holders of the Senior Notes 106% of the face value of the outstanding Senior Notes, in accordance with the terms of the Senior Notes Purchase Agreement. Under the terms of the Senior Notes Purchase Agreement, the holders of Senior Notes may be entitled to payment of a premium of 18% if the Debtors redeem the Senior Notes prior to October 25, 2004 (the "Early Prepayment Premium"). As the Debtors have determined to reinstate the Senior Notes

**Exhibit E**

pursuant to the Second Amended Plan, the Debtors contend that they will not be obligated to pay the Early Prepayment Premium to holders of the Senior Notes. As a result, the Plaintiffs have decided to pursue their 18% recovery from the holder(s) of Subordinated Notes and/or Wells Fargo. In addition, through the Proceeding, the Plaintiffs seek payment of interest at a default rate of 21% contained in the Senior Notes Purchase Agreement ("Default Rate Interest").[3]

7.   In essence, the Plaintiffs seek enhancement to the recovery available to them under the terms of the Second Amended Plan. They seek Default Rate Interest of 21% and an Early Prepayment Premium of 18% of the face amount of the Senior Notes outstanding. However, the Plaintiffs seek to recover these amounts from Wells Fargo, and thereby, in effect, seek to use Wells Fargo as a guarantor of payments they allege are due to them from the Debtors.

8.   On August 19, 2004, each of Wells Fargo and Oglebay filed answers to the Amended Complaint. The Committee, pursuant to an order of this Court granting it permission to intervene, filed its answer to the Amended Complaint on August 26, 2004. On August 20, 2004, Oglebay objected to the Plaintiffs' motion for summary judgment, and on August 31, 2004 Wells Fargo and the Committee each filed their own objections thereto. Wells Fargo has also filed a cross-motion for summary judgment based on counterclaims and cross-claims asserted by Wells Fargo against the Plaintiffs and Oglebay, respectively. Currently, a scheduling stipulation has been signed by the parties, the issues have been briefed, and oral argument is scheduled for September 23, 2004.

---

[3] These assertions are the subject of litigation in the proceeding, and are not intended to affect the rights of the parties therein. Wells Fargo addresses the matters in this Application in order to provide the Court with the full details of its basis for this Application.

9. Under the terms of the Indenture, Wells Fargo is entitled to indemnification, as an expense of administration, from the Debtors for any and all loss, damage, claim, liability or expense related to the Proceeding, including the reasonable costs of defending itself. In connection with its right to indemnification and in accordance with the Indenture, on August 17, 2004, Wells Fargo sent to Oglebay a letter notifying Oglebay of the Proceeding and demanding indemnification in connection with the Proceeding (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as Exhibit B. In addition, contemporaneously herewith, Wells Fargo filed a request for payment of an administrative expense based upon its indemnification rights with respect to the Proceeding.

10. The Second Amended Plan, inter alia, provides that distributions to holders of Subordinated Notes will be made by the Debtors and DTC. Wells Fargo will not make any distributions to such holders under a plan of reorganization or otherwise. The Second Amended Plan further provides that the Indenture will be cancelled, either on the effective date of the plan or when a distribution is made to holders of Subordinated Notes. As such, Wells Fargo is concerned that its right to indemnification may be cut off by operation of the Second Amended Plan, and Wells Fargo will be left "holding the bag" with respect to damages, if any, and fees incurred with respect to the Proceeding.

### Relief Requested

11. Wells Fargo notes that, in principle, it does not object to the general terms or conditions of the Second Amended Plan. By this Objection, however, Wells Fargo requests that the Court condition confirmation of the Debtors' Second Amended Plan on the preservation of Wells Fargo's indemnification rights with respect to the Proceeding. In this regard, Wells

**Exhibit E**

Fargo seeks an order of this court finding that confirmation of the Debtors' Second Amended Plan, and the cancellation of the Indenture contemplated therein, does not extinguish Wells Fargo's right to ongoing indemnification for fees incurred and damages, if any, suffered by Wells Fargo on account of the Proceeding. Wells Fargo's Objection is based upon the indemnification provisions contained in the Indenture.[4] Pursuant to the Indenture, Wells Fargo is entitled to the <u>actual</u> costs, fees and expenses incurred, and to be incurred, by Wells Fargo, and the actual damages, if any, imposed on Wells Fargo with respect to the Proceeding.

12. The Proceeding against Wells Fargo was triggered by the Second Amended Plan proposed by the Debtors and, in particular, the proposed treatment of the Senior Notes under such plan. Wells Fargo's active participation in the Proceeding is the result of the Debtors' Second Amended Plan. Consistent with this court's remarks at the status conference held on July 27, 2004, Wells Fargo believes that the issues presented in the Proceeding may be resolved prior to confirmation of the Second Amended Plan.[5] Nevertheless, as a prophylactic measure to preserve its ongoing indemnification rights in the event the Proceeding survives confirmation of the Second Amended Plan, Wells Fargo is compelled to file its Objection at this time.

---

[4] See Exhibit A hereto, Indenture at section 7.07.

[5] A hearing on the motion for summary judgment and the cross-motion for summary judgment brought, respectively, by the Plaintiffs and Wells Fargo in the Proceeding has been scheduled for September 23, 2004. Confirmation of the Second Amended Plan is scheduled for September 29, 2004. As such, Wells Fargo anticipates that, subject to the Court's schedule, the Proceeding may be substantively resolved prior to confirmation of the Second Amended Plan.

### Jurisdiction and Venue

13.    This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 1129 of the Bankruptcy Code.

### Basis for Relief Requested

**A.    The Second Amended Plan Does Not Clearly Make Provision for Payment in Full of All Administrative Expenses as Required by Section 1129(a)(9)(A)**

14.    Section 1129(a)(9)(A) of the Bankruptcy Code mandates, as a condition to confirmation, that the Second Amended Plan provide that all claims of the kind specified in section 507(a)(1) of the Code, i.e., administrative expenses, be paid in full. That section provides, in relevant part, as follows:

> (a) The court shall confirm a plan only if the following requirements are met:
>
> * * *
>
> (9) Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the plan provides that —
>
> (A) with respect to a claim of a kind specified in section 507(a)(1) [expenses of administration] or 507(a)(2) of [the Bankruptcy Code], on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim[.]

11 U.S.C. § 1129(a)(9)(A).

15.    Pursuant to the Second Amended Plan, claims based upon the Subordinated Notes are classified as Class 7 Claims (Old Senior Subordinated Notes). Such claims are impaired, and holders thereof will receive their pro rata share of New Common Stock

7

(as defined in the Second Amended Plan) of the reorganized Debtors.[6] In addition, under the terms of the Second Amended Plan, distributions to holders of Class 7 Claims will <u>not</u> be made by Wells Fargo, and, instead, will be made by the Debtors and/or DTC.

16. Concurrent with the distribution of New Common Stock to holders of Class 7 Claims, the Indenture "will be deemed canceled and of no further force and effect against the Debtors... ."[7] As such, it appears that the Second Amended Plan may abrogate Wells Fargo's ongoing right to indemnification with respect to the Proceeding.

B. **Wells Fargo is Entitled to Indemnification as an Expense of Administration**

17. Under the terms of the Indenture, the Indenture Trustee has a right to indemnification from Oglebay and the Debtor-guarantors, as described in the Indenture, for expenditures by the Indenture Trustee, including reasonable fees and expenses of counsel, related to the Proceeding. In that regard, the Indenture provides as follows:

> The Company and the Guarantors **shall** indemnify each of the [Indenture] Trustee and any predecessor Trustee for, and hold each of them harmless against, any and all loss, damage, claim, liability or expense, including without limitation taxes (other than taxes based on the income of the [Indenture] Trustee or such Agent) and reasonable attorneys' fees and expenses incurred by each of them in connection with the acceptance or performance of its duties under this Indenture **including the reasonable costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder** (including, without limitation, settlement costs).
>
>      \* \* \*
>
> When the [Indenture] Trustee incurs expenses or renders services

---

[6] <u>See</u> Second Amended Plan at Art. III.C.2.

[7] Second Amended Plan at Art. IV.G.1.

> after an Event of Default specified in Section 6.01(7) or (8)[8] [of the Indenture] occurs, **the expenses and the compensation for the services are intended to constitute expenses of administration under any Bankruptcy law.**

Exhibit A, Indenture at Section 7.07 (emphasis supplied).

### C. The Debtors May Not Terminate Wells Fargo's Right to Indemnification

18. The Indenture contemplates that, upon cancellation thereof under circumstances presented in the Second Amended Plan, Wells Fargo's right to indemnification will survive. In that regard, the Indenture provides, in relevant part, as follows:

> The Company and the Guarantors may terminate their obligations under the Notes, the Guarantees and this Indenture, except the obligations referred to in the last paragraph of this Section 9.01, if there shall have been cancelled by the Trustee or delivered to the Trustee for cancellation all Notes theretofore authenticated and delivered (other than any Notes that are asserted to have been destroyed, lost or stolen and that shall have been replaced as provided in Section 2.08 hereof) and the Company has paid all sums payable by them hereunder or deposited all required sums with the Trustee.
>
> ***
>
> Notwithstanding the satisfaction and discharge of this Indenture, **the obligations of the Company in Sections 7.07** [providing for, inter alia, Wells Fargo's right to indemnification as an expense of administration], 9.05 and 9.06 hereof shall survive.

Exhibit A, Indenture at Section 9.01 (emphasis supplied and capitalized terms are as defined under the Indenture).

19. The Indenture, quite clearly, prohibits the Debtors from canceling the Indenture and cutting off Wells Fargo's ongoing indemnification rights thereunder.

20. The Proceeding has been brought against Wells Fargo only in its capacity as the Indenture Trustee under the Indenture. Under the terms of the Debtors' Second Amended

---

[8] Section 6.01(7) of the Indenture provides, inter alia, that an Event of Default occurs when Oglebay "commences a voluntary [bankruptcy] case." Exhibit A, Indenture at Section 6.01(7)(a).

9

Plan, any consideration that is distributed to the holders of the Subordinated Notes will not pass through Wells Fargo, and therefore, Wells Fargo will not make any distributions to the holders of Subordinated Notes. Payment, if any, to the holders of Senior Notes on account of an Early Prepayment Premium or Default Rate Interest will be wholly in the control of the Debtors and is not within the control of Wells Fargo. As such, Wells Fargo is merely "caught in the cross-fire" solely because of its role as Indenture Trustee. This is the archetypal case for indemnity. Consequently, the Debtors, through the Second Amended Plan, may not extinguish Wells Fargo's ongoing right to indemnity merely by canceling the Indenture.

### Conclusion

21.   As the Court indicated at the status conference held on July 27, 2004, claims asserted by holders of Senior Notes, including claims asserted by the Plaintiffs in the Proceeding, must be resolved prior to confirmation of the Second Amended Plan. The Plaintiffs have determined to pursue Wells Fargo with respect to both declaratory judgments and/or money damages. Wells Fargo, however, will not make any distribution under the terms of the Second Amended Plan, and, therefore, believes that it can have no liability with respect to the holders of Senior Notes. Nevertheless, because the Plaintiffs have determined to pursue recovery against Wells Fargo in its capacity as Indenture Trustee, Wells Fargo has been forced to expend funds to defend itself, and therefore, Wells Fargo is entitled to indemnification for any and all losses, damages, claims, liabilities or expenses related to the Proceeding, including the reasonable costs of defending itself. Such costs and expenses, under the terms of the Indenture and pursuant to the Bankruptcy Code, constitute expenses of administration, and survive cancellation of the Indenture. In addition, in the unlikely event that Wells Fargo is held liable to the Plaintiffs for

Exhibit E

damages, Wells Fargo would be entitled under the Indenture to indemnification for any liability assessed against it. Cancellation of the Indenture does not impair Wells Fargo's right to indemnity in those circumstances either. As such, this Court should condition confirmation of the Second Amended Plan on the preservation of Wells Fargo's indemnification rights with respect to the Proceeding.

**WHEREFORE**, Wells Fargo respectfully requests that this Court (i) condition confirmation of the Second Amended Plan on the preservation of Wells Fargo's indemnification rights with respect to the Proceeding, and (ii) grant any and other relief as is just and proper.

Respectfully submitted,

Dated:   September 20, 2004

PACHULSKI, STANG, ZIEHL, YOUNG, JONES
& WEINTRAUB P.C.

_____
Laura Davis Jones (DE Bar No. 2436)
David W. Carickhoff, Jr. (DE Bar No. 3715)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

- and -

William P. Weintraub (admitted pro hac vice)
780 Third Avenue
36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Counsel for Wells Fargo Bank, National Association

NY/6806

Exhibit E